

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANETIONY CLERVRAIN, ) | |
| ) | |
| Plaintiff,[1] ) | |
| ) | |
| v. ) | Civil Action No. 22-0273 (UNA) |
| ) | |
| PATRICK MARA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

A *pro se* litigant's pleadings are held to less stringent standards than would be applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to

---

[1]  Francis Cobbina Osei-Fosu is listed as a plaintiff and filed an application to proceed *in forma pauperis*, but he did not sign the complaint. The Court proceeds with Manetiony Clervrain as the sole plaintiff, dismisses Francis Cobbina Osei-Fosu as a party plaintiff, and denies his application to proceed *in forma pauperis* without prejudice.

determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

      This plaintiff's complaint fails to comply with the dictates of Rule 8.  Plaintiff names an array of defendants, including the Executive Chairman of the Republican Committee, a dean and a law professor, and Tim Cook and alleges that they engaged in an incomprehensible series of actions.  The complaint strings together phrases such as: "defendants extensive conspiracy involved the violation of the Banking industry;" "Exclusion can be proving within this . . . or they are additional claims for the defendants justify controlling theory;" "then we asking the courts if Chevron doctrine must be clarified;" "under a theory of respondeat superior the defendants, and their employees are violations of S 1981, or constructive notice for intervening act could have reasonably been foreseeable and the conduct . . . was a substantial factor in bringing about the harm, which the Attorney is presenting to protect his family against further dangerous theory, including to remove those activists in country such Haiti;" and "[t]he event occurred after release from Prison, which the activist alleged that the defendants discriminated against him, their failure to ratify the laws is the proximate cause of the injuries in facts of attempt to close his bank account by Chase is presentation for justification without justification."  Dkt. 1 at 5-13.  The Court cannot discern whether it has subject-matter jurisdiction, the nature of plaintiff's claims, or the relief sought.  In short, the complaint fails to comply with Rule 8.

      The Court will, accordingly, dismiss the complaint without prejudice for failure to comply with Rule 8.  Plaintiff's application to proceed *in forma pauperis* will be granted, and his other motions will be denied as moot.

    A separate order will issue.

DATE: February 23, 2022                        /s/
                                              RANDOLPH D. MOSS
                                              United States District Judge